**No. 23-10184**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**JOHNNIE DAVIS,**
**Petitioner/Appellant,**

**v.**

**UNITED STATES OF AMERICA.,**
**Respondent/Appellee.**

---

**ON APPEAL FROM THE**
**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**2:21-cr-101-MHT-JTA-1**

---

# SUPPLEMENTAL BRIEF ON REMAND


**J.D. Lloyd**
**The Law Office of J.D. Lloyd, LLC**
**2320 Arlington Ave. S.**
**Birmingham, AL 35205**
**O. 205-538-3340**
**JDLloyd@JDLloydLaw.com**

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| **Plaintiff-Appellee,** | **)** | **Appeal No. 23-10184** |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **JOHNNIE DAVIS,** | **)** | |
| **Defendant, Appellant.** | **)** | |

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

The appellant, Johnnie Davis, through undersigned counsel, pursuant to Fed. R. App. P. 26.1, 11th Cir. R. 26.1-1, and 11th Cir. R. 26.1-2(a) certifies that the following persons may have an interest in the outcome of this case:

1. Adams, The Honorable Jerusha T., United States Magistrate Judge for the Middle District of Alabama;
2. Counts, Eric M., Assistant United States Attorney, Middle District of Alabama, counsel for the United States in the district court;
3. Crane, Paul T., Assistant United States Attorney, Department of Justice;
4. Davis, Johnnie, Defendant/Appellant;

5. Davidson, Kevin P., Assistant United States Attorney, Middle District of Alabama;

6. Duffey, Jeffrey Clyde, counsel for Defendant/Appellant Davis;

7. Galeotti, Matthew R., Acting Assistant Attorney General;

8. Geer, III, John Joseph, Assistant United States Attorney, Middle District of Alabama, counsel for the United States in the district court;

9. Govan Jr., Thomas R., United States Attorney for the Middle District of Alabama;

10. Griffin, Jr., Gregory Oswold, Assistant United States Attorney, Middle District of Alabama, counsel for the United States in the district court;

11. Jones, Justin Louis, Assistant United States Attorney, Middle District of Alabama, counsel for the United States in the district court;

12. Keith, Richard K., Montgomery, Alabama, former CJA appointed counsel for Defendant/Appellant Davis in the district court;

13. Lloyd, John Douglas (J.D.), appellate counsel for Defendant/Appellant Davis;

14. Sauer, D. John, United States Solicitor General;
15. Stewart, Sandra J., former United States Attorney for the Middle District of Alabama;
16. Talley, Brett J., Assistant United States Attorney, Middle District of Alabama, counsel for the United States in the district court;
17. The United States of America, Plaintiff/Appellee; and
18. Thompson, The Honorable Myron H., United States District Judge, Middle District of Alabama.

/s J.D. Lloyd
J.D. Lloyd

*Counsel for Petitioner*

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Davis respectfully requests oral arguments regarding the effect of the Supreme Court's decision in *Chatrie v. United States* on standing issues related to geofence warrants—and, more broadly, searches involving electronic data in general.

## TABLE OF CONTENTS

Certificate of Interested Persons ............................................................ i

Statement Regarding Oral Argument ...................................................... iv

Table of Citations ........................................................................................v

Summary of the Argument ...........................................................................1

Argument .......................................................................................................2

In light of the Supreme Court's decision in Chatrie v. United States, this Court's determination that Mr. Davis lacked standing to challenge the geofence warrant was erroneous ............................................2

Conclusion ....................................................................................................10

Certificate of Compliance ...........................................................................11

Certificate of Service ...................................................................................11

## TABLE OF CITATIONS

### Cases

*Carpenter v. United States*, 585 U.S. 296 (2018) .................................. 5-7

*Chatrie v. United States*, 146 S. Ct. 2193 (2026) .............................*passim*

*United States v. Jones*, 565 U.S. 400 (2012) ...............................................6

*United States v. Davis*, 109 F.4th 1320 (11th Cir. 2024) ................*passim*

## SUMMARY OF THE ARGUMENT

In light of the United States Supreme Court's decision in *Chatrie v. United States*, 146 S. Ct. 2193 (2026), this Court's decision that Mr. Davis lacked standing to challenge the geofence warrant was erroneous. Each prong of this Court's analysis of the issue was refuted by *Chatrie*. Therefore, on remand, this Court should reconsider Mr. Davis's standing to challenge the warrant as well as address the constitutionality of the warrant itself.

## ARGUMENT

**In light of the Supreme Court's decision in *Chatrie v. United States*, this Court's determination that Mr. Davis lacked standing to challenge the geofence warrant was erroneous.**

On July 30, 2024, this Court issued an opinion affirming Mr. Davis's convictions. A central issue in Mr. Davis's case involved the use of a geofence warrant that led law enforcement to believe Mr. Davis was a suspect in a series of crimes. Before both the district court and this Court, Mr. Davis challenged the constitutionality of that warrant. This Court held that Mr. Davis lacked standing to challenge the geofence warrant. *United States v. Davis*, 109 F.4th 1320, 1324 (11th Cir. 2024). That judgement was vacated, however, by the United States Supreme Court in the wake of *Chatrie v. United States*, 146 S. Ct. 2193 (2026). Subsequently, this Court ordered supplemental briefing regarding the impact of *Chatrie* to Mr. Davis's case.

In *Chatrie*, the Supreme Court held that individuals have a reasonable expectation of privacy in information regarding their location. *Id.* at 2199. As a result, a geofence constitutes a Fourth Amendment search because it "intrudes on that constitutionally protected interest … even though for only a limited time, and from a third-party tech company." *Id.*

While *Chatrie* focused on cellphone Location History, the constitutionally protected interest concerned an individual's movements. *Id.* at 2206 ("Contrary to the Government's view, an individual has a legitimate expectation of privacy in the information Location History collects about his cell phone's—meaning his own—movements.").

The Supreme Court stressed that the scope of the intrusion is irrelevant. *Id.* at 2209-10. The Court explained that it has "never understood Fourth Amendment protections as kicking in only once an intrusion goes too far." *Id.* at 2210 (quoting *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922)) (cleaned up). The Fourth Amendment protects an individual's reasonable expectation of privacy "regardless of the quality or quantity of information the government obtains." *Id.* (quoting *Kyllo v. United States*, 533 U.S. 27, 37 (2026)) (cleaned up).

Moreover, the Court explained that the third-party doctrine does not apply to this type of information. *Id.* at 2212-15. "Because cell phones and the services they provide are such a pervasive and insistent part of daily life—indispensable to participation in modern society—a person can hard help but generate a trail of location data." *Id.* at 2213 (quoting *Carpenter v. United States*, 585 U.S. 296, 315 (2018)) (cleaned up). The fact that this

data—which "is merely what happens when a user avails himself of one of the services on his cell phone"—is contained on the servers of a third-party, like Google, does not overcome the fact that it is the **user's** data and location information. *Id.* Additionally, the Court rejected "the Government's app-by-app, feature-by-feature" approach to deciding what cell phone uses are protected by the Fourth Amendment. *Id.* at 2214 (cleaned up). "A cell-phone user is not to be viewed as sharing private information with third parties—which can then be freely passed on to the government—just by the ordinary things cell phone users do." *Id.* at 2214-15 (cleaned up).

While *Chatrie* held that a warrant is required for a geofence, the Court did not address the warrant itself. *Id.* at 2216. Because the Fourth Circuit did not review the "uncommon, multi-step" warrant in *Chatrie*, the Court remanded the case for the Fourth Circuit to determine whether the warrant complied with the Fourth Amendment's probable cause and particularity requirements. *Id.* Similarly, this Court did not address the merits of the warrant because it determined that Mr. Davis lacked standing.

In light of *Chatrie*, this Court's analysis of Mr. Davis standing to challenge the geofence warrant is severely undermined. This Court determined that Mr. "Davis lacked Fourth Amendment standing to challenge the geofence warrant because the search did not disclose any information about the data on his own electronic device, reflected only his limited movements in public areas, and did not encompass his home." *Davis*, 109 F.4th at 1324. *Chatrie*, however, refuted each prong of that decision.

This Court began its analysis with the third-party doctrine. *Id.* at 1329. This Court's starting point was "presuming that an individual like Davis cannot challenge the search of Google's records" because it consisted of "information [] voluntarily turned over to [a] third party." *Id.* (quoting *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979)) (cleaned up). As noted, however, *Chatrie* explicitly refuted the application of the third-party doctrine to cell phone location information because it "is not truly 'shared' as one normally understands the term." *Chatrie*, 146 S. Ct. at 2213. The Supreme Court's decision was based on a straightforward application of its reasoning in *Carpenter* where it determined that a warrant was required to access cellsite location information. *Id.* at 2212.

This Court's analysis omitted considering whether the information at issue was voluntarily disclosed because it concerned "a phone that Davis did not own or exclusively use." *Davis*, 109 F.4th at 1329. This aspect of the analysis, however, was refuted by how the Supreme Court addressed the privacy interest in *Chatrie*. As noted, *Chatrie* held that there is a legitimate expectation of privacy regarding "his cellphone—**meaning his own**—movements." *Chatrie*, 146 U.S. at 2206 (emphasis added). This idea was not new. *Chatrie* looked back to the Court's decision in *United States v. Jones*, where it held that "individuals have a reasonable expectation of privacy in the whole of their physical movements." *Chatrie*, 146 S. Ct. at 2206 (quoting *Carpenter*, 585 U.S. at 310 (citing *United States v. Jones*, 565 U.S. 400, 430 (2012))).

This focus on an individual's location history is critical in Mr. Davis's case. While the cell phone at issue did not belong to Mr. Davis, it was Mr. Davis's location that was being tracked through the geofence warrant. As a result, Mr. Davis possessed standing to challenge the warrant even though his location was not tracked through his personal cell phone.

Finally, this Court looked to the extent of the information the geofence revealed. *Davis*, 109 F.4th at 1330-31. Particularly, this Court relied

upon the fact that the geofence targeted "six public locations and up to one hundred meters around those areas"—none of which were Mr. Davis's home. *Id.* at 1330.

*Chatrie* reaffirmed *Carpenter*'s reasoning that individuals have privacy interests in their location that do not involve their home. *Chatrie*, 146 S. Ct. at 2208-09 (citing *Carpenter*, 585 U.S. at 312). An individual's privacy interest in their location goes beyond the home because the home is merely one of the places where an individual's location can be tracked. After all location information "provides a detailed and encyclopedic portrait of a person's whereabouts" that "allows police officers to reconstruct retrospectively, and with no real effort, people's comings and goings in any area." *Id.* (quoting *Carpenter*, 585 U.S. at 309; 312) (cleaned up). With location history, even with a limited scope, "the data can far more reliably show someone within a home (indeed, on a specific floor)." *Id.* at 2211.

Moreover, the Fourth Amendment's protections do not evaporate simply because the scope of a search is limited. As the Court explained: "Where the Fourth Amendment applies, it applies—regardless of the quality or quantity of information the government obtains." *Id.* at 2210

(quoting *Kyllo v. United States*, 533 U.S. 27, 37 (2001)) (cleaned up). After all,

> What creates that concern is that the government can access all of a cell-phone user's movements, in both public and private places—that it possesses a virtual panopticon with which to scrutinize its citizens' activities. The sweep of the official invasion is not made less because the government, with the benefit of hindsight, can pinpoint exactly which few hours of movements it wants to review. That feature of accessing location data is, indeed, more a practical benefit to the government than a limit on its intrusive powers.

*Id.* (footnote omitted).

Put simply, this Court's analysis regarding Mr. Davis's standing to challenge the geofence warrant in his case is precisely what *Chatrie* rejected. Mr. Davis possesses a reasonable expectation of privacy in his movements and location—which the geofence revealed. Because the third-party doctrine does not apply, the fact that the information about Mr. Davis's location was technically held by Google does not invalidate that expectation of privacy. And the limited scope of the geofence—including that it did not include Mr. Davis's home—does not change the fact that a geofence constitutes a search within the meaning of the Fourth Amendment.

In *Chatrie*, the Supreme Court declined to address whether the warrant authorizing the geofence passed constitutional muster because the

Fourth Circuit had not yet analyzed the warrant's constitutionality. *Chatrie*, 146 S. Ct. at 2216. Similarly, this Court's decision in Mr. Davis's case did not address the constitutionality of the warrant due to this Court's determination that Mr. Davis lacked standing to challenge the warrant. Therefore, this Court should now address Mr. Davis's standing regarding the warrant and "decide whether, **at each step of the search process**, the warrant satisfied the Fourth Amendment's requirements of particularity and probable cause." *Id.*

Because this Court ordered briefing to address the impact of *Chatrie*, Mr. Davis has limited this response to *Chatrie*'s impact on Mr. Davis's standing to challenge the warrant. Regarding the merits of the warrant, Mr. Davis relies on the previous briefing regarding the merits of the warrant.

## CONCLUSION

Based on the foregoing, this Court should reconsider Mr. Davis's standing to challenge the geofence warrant in his case before addressing the constitutionality of the warrant itself.

Respectfully submitted August 11, 2026.

/s J.D. Lloyd
J.D. Lloyd
The Law Office of J.D. Lloyd, LLC
2320 Arlington Ave. S.
Birmingham, AL 35205
O. 205-538-3340
JDLloyd@JDLloydLaw.com

*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 1,670 words and thus complies with the type-volume limitations of 11th Cir. Rule 22-2 and Rule 32(a)(7)(B)(i), Fed. R. App. P. This brief is written in 14-point Century Schoolbook.

/s J.D. Lloyd
J.D. Lloyd

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2026, the foregoing Certificate of Interested Persons was filed electronically using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

/s J.D. Lloyd
J.D. Lloyd

*Counsel for Petitioner*